OPINION
{¶ 1} Martha Ann Wilcoxen appeals from her conviction in the Champaign County Common Pleas Court of one count of aiding and abetting another in the trafficking of cocaine, permitting her house to be used for felony drug abuse, possession of marijuana, and child endangerment. The aiding and abetting conviction included a finding that the trafficking violation occurred within 1000 feet of a school or in the vicinity of a juvenile.
 {¶ 2} In two related assignments, Wilcoxen contends the aiding and abetting conviction was based on insufficient evidence and was against the manifest weight of the evidence.
 {¶ 3} Ms. Wilcoxen's conviction resulted from her boyfriend, Darryl Reed, selling cocaine to a police informant named Rusty McCoy on June 10, 2002 in the City of Urbana.
 {¶ 4} The record established that Rusty McCoy who had several criminal charges against him contacted Officer Todd Burkett of the Urbana Police Department to see if he could make some drug purchases from drug suspects in return for concessions on his pending criminal charges. (Tr. 263). Burkett said McCoy gave him a list of people from whom he thought he could buy drugs. Burkett said McCoy told him he would first contact the person from whom he himself purchased drugs. (Tr. 279-280).
 {¶ 5} McCoy set up a purchase with his supplier, a person he knew as "D" (Daryl Reed). "D" told McCoy to meet him at Steve's Market. The police then searched McCoy and his vehicle completely and then provided him with recorded money to make the drug buy from "D." They also placed a wire on McCoy to record his conversations with "D." McCoy met "D" at the market and he was in the company of his girlfriend, Ms. Wilcoxen, and her children. McCoy then followed Daryl Reed ("D") and Ms. Wilcoxen to Ms. Wilcoxen's house at 520 Boyce Street in Urbana. McCoy had been at Ms. Wilcoxen's home on a prior occasion and had seen Ms. Wilcoxen with cocaine in her hand.
 {¶ 6} Reed went into Ms. Wilcoxen's home and returned with cocaine which he sold to McCoy for $50.00 in recorded money. McCoy and Wilcoxen engaged in small talk at her car while Reed was inside her home getting the cocaine. McCoy then left Wilcoxen's house and went to a location where police recovered the cocaine purchased from McCoy.
 {¶ 7} Police then obtained a search warrant for Ms. Wilcoxen's home and returned four hours later and recovered 9.32 grams of cocaine, marijuana, and drug paraphernalia on a night stand in the master bedroom.
 {¶ 8} Officer Burkett stopped Daryl Reed's automobile after he left Ms. Wilcoxen's house and Ms. Wilcoxen was in the front passenger seat. Ms. Wilcoxen was searched by Officer Burkett who recovered $302 which included $45 of the $50 of the "buy" money.
 {¶ 9} Ms. Wilcoxen was charged in the indictment with aiding and abetting Daryl Reed in selling cocaine on June 10, 2002.
 {¶ 10} The standard for sufficiency of evidence in establishing a person as an aider or abettor has been recently determined by the Supreme Court in the case of State v. Johnson (2001), 93 Ohio St.3d 240. The syllabus of the Johnson case holds:
 {¶ 11} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime."
 {¶ 12} The parties agree that one's mere presence at the scene of the crime is insufficient to establish complicit conduct. State v.Arrington (1990), 64 Ohio App.3d 654. Appellant argues the evidence in this case established little more than her mere presence when Reed sold the cocaine to McCoy. She argues that the facts demonstrate little more than that Reed could have placed the $50 buy money in her purse without her knowledge. She argues that her conduct differs little from that inCummings where the appellate court held that mere presence by a defendant while others case a house to burglarize was insufficient to support a complicity conviction. State v. Cummings (April 21, 1992), Franklin App. No. 90-AP-1144.
 {¶ 13} The State argues that the evidence that Ms. Wilcoxen permitted Reed to carry on his activities from her home coupled with sharing in the sale proceeds was sufficient evidence to support the defendant's conviction. We agree. A rational jury could have concluded from the State's evidence that the State had proven the complicity charge beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259. We have also carefully weighed the evidence and find the judgment not against the manifest weight of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 14} In her second assignment, appellant contends there was insufficient evidence to support her conviction of the specification that the trafficking activity occurred near a juvenile or within a 1000 feet of a school facility. It is undisputed that the drug deal took place in the immediate presence of Ms. Wilcoxen's two children. The second assignment of error is likewise overruled.
 {¶ 15} The judgment of the trial court is Affirmed.
WOLFF, J., and GRADY, J., concur.